USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 7/20/2021

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

GARY G. DELPRIORA,

                                    Plaintiff,

            – against –

ANDREW M. SAUL, COMMISSIONER OF SOCIAL
SECURITY

                                    Defendant.

**REPORT AND RECOMMENDATION**

1:18-cv-10457 (CM) (KHP)

**TO:    THE HONORABLE COLLEEN MCMAHON, United States District Judge**
**FROM: THE HONORABLE KATHARINE H. PARKER, United States Magistrate Judge**

On November 26, 2019, this case was remanded to the Commissioner of Social Security,

pursuant to sentence four of 42 U.S.C. § 405(g), for the purpose of conducting further

administrative proceedings. (ECF Nos. 24-25.)  On May 8, 2020, the undersigned approved an

attorney's fee award of $7,346,16 pursuant to the Equal Access to Justice Act ("EAJA"), 28

U.S.C. § 2412. (ECF No. 30.)  On May 16, 2021, after proceedings on remand were complete,

Plaintiff's counsel filed a motion for additional fees and costs pursuant to 42 U.S.C. § 406(b).[1]

(the "Motion") (ECF. Nos. 31-33.)  The Commissioner does not object to the fee request. (ECF

No. 36.)  Therefore, I recommend awarding Plaintiff's counsel's motion for additional fees.

42 U.S.C. § 406(b) provides:

> Whenever a court renders a judgment favorable to a claimant under this subchapter
> who was represented before the court by an attorney, the court may determine and
> allow as part of its judgment a reasonable fee for such representation, not in excess of

---

[1] The Commissioner concedes that the motion was timely filed under *Sinkler v. Comm'r of Soc. Sec.,* 932 F.3d 83, 89
(2d Cir. 2019) (holding that 14-day filing period commences upon claimant's receipt of notice of benefits
calculation and that this deadline is subject to equitable tolling by the district courts).

1

25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment ....

42 U.S.C. § 406(b)(1)(A).  Factors relevant to a request for approval are summarized in this Court's decision in *Blizzard v. Astrue*.  They include:  "1) whether the attorney's efforts were particularly successful for the plaintiff, 2) whether there is evidence of the effort expended by the attorney demonstrated through pleadings which were not boilerplate and through arguments which involved both real issues of material fact and required legal research, and finally, 3) whether the case was handled efficiently due to the attorney's experience in handling social security cases." *Blizzard v. Astrue*, 496 F. Supp. 2d 320, 323 (S.D.N.Y. 2007) (citation omitted).

With regards to contingent fees, the law permits counsel to charge fees of up to twenty-five percent of the past due benefits so long as the fees are reasonable.  *Gisbrecht v. Barnhart*, 535 U.S. 789, 795 (2002).  A lodestar method, which considers whether the rate charged and time spent were reasonable, need not be employed if there is no reason to question the terms of the contingency fee agreement between the lawyer and plaintiff or the character of the representation provided.  *Id*. at 806-08.  However, a fee is not automatically recoverable simply because it is equal to or less than 25% of the client's total past-due benefits. *Id* at 807.  Several factors are relevant to the reasonableness analysis, including the following: (1) "whether the contingency percentage is within the 25% cap"; (2) "whether there has been fraud or overreaching in the agreement"; and (3) "whether the requested amount is so large as to be a windfall to the attorney." *Wells v. Sullivan*, 907 F.2d 367, 372 (2d Cir. 1990).  Also relevant are the following: (1) "the character of the representation and the results the representative

achieved"; (2) "the amount of time counsel spent on the case"; (3) whether "the attorney was responsible for any delay"; and (4) "the lawyer's normal hourly billing charge for noncontingent-fee cases." *Gisbrecht*, at 808.

Here, the Court finds that all factors weigh in favor of the fee request.  The fee of $40,790.88 is not more than twenty-five percent of past due benefits and would yield an hourly rate of $1078.55 based on the expenditure of 37.82 hours of attorney time and 10.42 paralegal hours spent on Plaintiff's social security case.  Additionally, the hours worked are reasonable given the nature of the services provided and that Plaintiff's attorneys were successful in the outcome of the case.

The Court further finds the requested fee is not an amount so large as to be a windfall to counsel.  Cases in this circuit have been deferential – accepting *de facto* hourly rate that exceed those for non-contingent fee cases. *See, e.g., Bates v. Berryhill,* 2020 WL 728784 at *3 (S.D.N.Y. Feb. 13, 2020) (finding the *de facto* hourly rate  of $1,506.32 was product of competent and efficient advocacy); *Baron v. Astrue*, 311 F. Supp. 3d at 637–38 (S.D.N.Y. 2018) (collecting cases with hourly fees ranging from $1,072.17 to $2,100.00 given efficient and impressive work from counsel); *Daniel v. Astrue*, No. 04-01188, 2009 WL 1941632, at *2-3 (C.D. Cal. July 2, 2009) (approving fees amounting to $1,491.25 per hour); *Palos v. Colvin*, No. 15-04261, 2016 WL 5110243, at *2 (C.D. Cal. Sept. 20, 2016) (finding reasonable "an hourly rate of $1,546.39 for attorney and paralegal services").

Finally, the Court also finds the remaining relevant factors weight in favor of finding that counsel's request is reasonable.  There is no evidence of fraud or overreaching in the making of

3

the agreement, counsel was not responsible for any delay, and counsel provided effective representation.

## CONCLUSION

For the reasons set forth above, I recommend that Plaintiff's application for fees and costs be GRANTED.  The only adjustment that should be made is that the fee amount should be reduced by $7,346.16—the amount Plaintiff's counsel previously received in EAJA fees awarded.[2]  **Accordingly, the motion for approval of attorney's fees (ECF Nos. 31-33.) should be granted in the amount of $33,444.72 ($40,790.88 - $7,346.16 = $33,444.72).**

**SO ORDERED.**

Dated:    July 20, 2021
            New York, New York

Respectfully submitted,

KATHARINE H. PARKER
United States Magistrate Judge

**NOTICE**
**The parties shall have fourteen days from the service of this Report and Recommendation to file written objections pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure. *See also* Fed. R. Civ. P. 6(a), (d) (adding three additional days only when service is made under Fed. R. Civ. P. 5(b)(2)(C) (mail), (D) (leaving with the clerk), or (F) (other means consented to by the parties)).**

**Such objections shall be filed with the Clerk of the Court, with courtesy copies delivered to the chambers of the Honorable Colleen McMahon at the United States Courthouse, 40 Foley**

---

[2] The Plaintiff's letter at ECF No. 33 states that Plaintiff's counsel received fees in the amount of $7,346.16 in EAJA fees.

4

**Square, New York, New York 10007, and to any opposing parties.** *See* **28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72(b). Any requests for an extension of time for filing objections must be addressed to Judge McMahon. The failure to file these timely objections will result in a waiver of those objections for purposes of appeal.** *See* **28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72(b);** *Thomas v. Arn*, **474 U.S. 140 (1985).**